NUMBER 13-11-00201-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

JIMMY EVANS GORE,                                                        
    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 252nd
District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION[1]

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

            Appellant
Jimmy Evans Gore appeals from his conviction for the offense of aggravated
robbery.  See Tex. Penal Code
Ann. ' 29.03 (West 2003).  On November 5,
2007, the trial court assessed appellant's punishment at ten years' deferred
adjudication probation.  On February 14, 2011, at a revocation hearing,
appellant pleaded true to four probation violations.  The trial court accepted
appellant's pleas of true, revoked his unadjudicated probation, found appellant
guilty of the offense of aggravated robbery, sentenced him to twenty-five
years' confinement in prison, and granted appellant credit toward his sentence
for all time to which he was entitled by law.  

Concluding that "there are no
grounds upon which an appeal can be predicated," counsel filed an Anders
brief in which he reviewed the merits, or lack thereof, of the appeal.  We
affirm the judgment of the trial court.

I.  Compliance with Anders

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant=s
court‑appointed appellate counsel has filed a brief with this Court
stating that he has diligently reviewed the entire appellate record and has
concluded that an appeal from the judgment and sentence is without merit and
frivolous because the record reflects no reversible error.  Counsel=s
brief sets out, in great detail, relevant portions of the record that may
provide potentially appealable issues.  See In re Schulman, 252 S.W.3d
403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) (AIn
Texas, an Anders brief need not specifically advance >arguable=
points of error if counsel finds none, but it must provide record references to
the facts and procedural history and set out pertinent legal authorities.@)
(citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).








In compliance with High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has
carefully discussed why, under controlling authority, there is no error in the
trial court's judgment and why there are no issues for appeal.  Counsel
certified to this Court that he served a copy of his motion to withdraw, its
supporting brief, and other required notices to appellant by certified mail and
that he has informed appellant of his right to review the record and to file a
pro se response.  See Anders, 386 U.S. at 744; Stafford, 813
S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23.

II. 
Pro Se Response

            Appellant
filed a pro se response.[2] 
He identified the following grounds in his response:  (1) deprivation of rights
under color of law, the constitution, and the code of judicial conduct; (2)
substantive and procedural due process violations; (3) legally and factually
insufficient evidence to support the charge; (4) ineffective assistance of
counsel.

III. 
Independent Review

Upon receiving an Anders brief,
this Court must conduct a full examination of all proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record, counsel's brief, and appellant's
pro se response, and we have found nothing that would arguably support an
appeal.[3] 
See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (ADue
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.@); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

IV. 
Motion to Withdraw

            In accordance with Anders, appellant's
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.) (noting that A[i]f
an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant.  To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous@)
(citations omitted)).  We grant counsel=s
motion to withdraw.  Within five days of the date of this Court=s
opinion, counsel is ordered to send a copy of the opinion and the judgments to
appellant and to advise appellant of his right to file a petition for
discretionary review.[4] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 25th 

day of August, 2011.

                                                                                                                                                            









[1]  We withdraw our opinion and judgment
of July 28, 2011, and substitute the following.





[2] Appellant filed a pro se response
with the District Clerk in Beaumont, Texas.  Appellant informed this Court of
his mistake, and upon request, the District Clerk forwarded appellant's
response to us.  Having now reviewed appellant's pro se response, we dismiss
appellant's motion to consider his pro se response as moot.

 





[3] Although appellant's attempt at a
direct appeal has been unsuccessful, he is not without a potential remedy. 
Challenges requiring development of a record to substantiate a claim such as ineffective
assistance of counsel may be raised in an application for writ of habeas
corpus.  See Tex. Code Crim.
Proc. Ann. art. 11.07 (West Supp. 2011); see, e.g., Cooper v.
State, 45 S.W.3d 77, 82-83 (Tex. Crim. App. 2001) (suggesting that
"the legislature may have regarded challenges to voluntariness as better
raised in habeas corpus than on appeal because the appellate record will often
contain insufficient grounds for a fair resolution of the claim.  The
legislature may well have decided to render the issue unappealable but only as
a means of encouraging its litigation in habeas corpus, where a new and more
complete record can be developed").  An application for writ of habeas
corpus relief would "provide an opportunity to conduct a dedicated hearing
to consider the facts, circumstances, and rationale behind counsel's actions at
. . . trial."  Thompson v. State, 9 S.W.3d 808, 814-15 (Tex. Crim.
App. 1999).

 





[4] No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3; 68.7.  Any petition for discretionary review should comply
with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.